PER CURIAM.
This disciplinary proceeding by The Florida Bar against R. W. Gray, a member of The Florida Bar, is presently before us on complaint of The Florida Bar and Report of Referee. Pursuant to Rule 11.06(9)(b) of the Integration Rule of The Florida Bar, the referee’s report and record were duly filed with this court. No petition for review pursuant to Rule 11.09(1), Integration Rule has been filed.
Having considered the pleadings and evidence, the referee found as follows:
*1293 1. Respondent, R. W. Gray, is and all times mentioned herein was a member of The Florida Bar subject to the jurisdiction and disciplinary rules of the Supreme Court of Florida.
2. In August, 1977, one Billy Wells purchased a car from Obi’s Auto Complex Inc. and executed a Purchase and Sale document, a copy of which was entered as The Florida Bar’s Exhibit No. 1 in evidence in this cause. After determining that the car was not in good operating condition, Wells exchanged the car for another car which also was not in operating condition, and then demanded his money back from Obi’s, which demand Obi’s refused to comply with.
3. Wells sought advice from the Consumer Affairs Department of the City of Jacksonville and from an attorney at the Jacksonville Legal Aid Office, who advised Wells that he had grounds for a suit against Obi’s by reason of violation of truth in lending laws, and that Legal Aid could not handle the matter for Wells because the truth in lending law authorized recovery of attorney’s fees.
4. Wells described the foregoing transactions between himself and Obi’s to Respondent in February, 1978 and retained Respondent to investigate the situation, particularly Wells’ rights under the Truth in Lending Act, for which Wells paid Respondent a retainer of $50.
5. From February, 1978 through August 16, 1978, Respondent’s only demonstrated attempt to investigate the matter on behalf of Wells was a discussion with Jacksonville Legal Aid personnel and the securing of a number of laymen’s publications detailed in the investigation of Jean C. Coker included in Bar’s Exhibit No. 5 entered in evidence before the Referee. Respondent failed to communicate any progress, or reasons for lack of progress, on the matter to his client, Wells. Respondent’s actions constitute neglect of the legal matter entrusted to him, in violation of Disciplinary Rule DR6-101(A)(3) of the Code of Professional Responsibility of The Florida Bar.
6. Respondent accepted employment as counsel for Wells knowing that he was not then competent to handle the matter. Although the evidence demonstrates that he expected to become qualified through study and investigation, the subsequent lack of proper study and investigation demonstrates, and it is so found, that the expectation was not made in good faith.
7. Respondent intentionally failed to carry out the contract of employment with Wells for professional services, in violation of Disciplinary Rule DR7-101(A)(2) of the Code of Professional Responsibility of The Florida Bar. Although he withdrew from employment upon being discharged by Wells, subsequent to August 16, 1978, the withdrawal was not, as required by Disciplinary Rule DR2-110(A)(2), accompanied by reasonable steps to avoid foreseeable prejudice to the rights of Wells, such prejudice resulting from the tolling of the applicable statute of limitations for filing suit under the Truth in Lending Law on August 5, 1978. Such prejudice during the course of the professional relationship further constitutes a violation of Disciplinary Rule DR7-101(A)(3) of the Code of Professional Responsibility of The Florida Bar.
The referee recommends that respondent be found guilty of misconduct justifying disciplinary measures, by violation of DR6-101(A)(1), DR6-101(A)(3), DR7-101(A)(2), and DR7-101(A)(3) of the Code of Professional Responsibility of The Florida Bar and that Respondent should be suspended from the practice of law for a period of one month.
Pursuant to Rule 11.09(3)(f) of the Integration Rule of The Florida Bar, we directed the parties to submit briefs directed to the suitability of a reprimand as the proper discipline in this case.
Having carefully reviewed the record and briefs, we have determined that the appropriate discipline in this matter is a public reprimand.
Accordingly, respondent, R. W. Gray, is hereby publicly reprimanded and the publi *1294 cation of this order and judgment shall constitute a public reprimand.
Execution is hereby directed to issue against respondent for costs in the amount of $234.10.
It is so ordered.
ENGLAND, C. J., and ADKINS, OVER-TON, SUNDBERG and McDONALD, JJ., concur.